# EXHIBIT A

# EXHIBIT A

Nathan V. Langston, Bar #13785
MCMULLIN LEGAL GROUP, PLLC
301 N. 200 E. Suite 3C
St. George, UT 84770
Phone: (435) 673-9990
Fax: (435) 673-9989
nate@stglegal.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| JOSEPH WRIGHT,<br><br>    Plaintiff,<br>v.<br><br>AMAZON.COM, INC. and DOES I-V,<br><br>    Defendants. | **COMPLAINT**<br>**TIER II**<br><br><br>Civil No. 190900497<br><br>Judge Amber M. Mettler |
|---|---|

**COMES NOW** Plaintiff Joseph Wright, by and through his attorney Nathan V. Langston of McMullin Legal Group, and complains of Defendants Amazon.Com, Inc., and DOES I-V as follows:

**PARTIES**

1. At all times herein mentioned, Plaintiff Joseph Wright (hereinafter "Plaintiff" or "Joe") was and continues to be a resident of Salt Lake County, State of Utah.

2. Plaintiff is informed and believes Defendant Amazon.Com, Inc., (hereinafter "Defendant" or "Amazon") is a foreign corporation doing business within the state of Utah.

3. Defendants DOES I-V are one or more individuals or entities believed to be liable for the wrongs set forth herein.

## JURISDICTION AND VENUE

4. Jurisdiction is proper with this Court pursuant to Utah Code Ann. Sections §78A-5-102.

5. Venue is proper with this Court pursuant to Utah Code Ann. Section §78B-3-307.

## TIER ELECTION

6. Pursuant to Rule 26(c) of the Utah Rules of Civil Procedure, Plaintiff elects Tier II discovery.

## FACTUAL ALLEGATIONS

7. On June 2, 2017, Joe ordered some MZS Short Brake Clutch Levers for his 2007 Triumph motorcycle through Amazon.

8. The MZS brake levers are offered for sale on Amazon.com.

9. Upon information and belief, MZS is the product manufacturer and/or one of the product's distributors.

10. Upon information and belief, the MZS brake lever is offered as an FBA ("Fullfillment by Amazon") product on Amazon.com.

11. Upon information and belief, an FBA product is one in which Amazon receives bulk product from a distributor and facilitates the sale of its products through its website.

12. Upon information and belief, the MZS brake levers are stored at an Amazon fulfillment center and any MZS brake lever sales are processed and fulfilled by Amazon.

13. Upon information and belief, Amazon charges MZS Motors various fees for housing the product and fulfilling orders of the product.

14. Upon information and belief, Amazon charged MZS Motors a "Referral Fee," an "FBA Order Handling Fee," an "FBA Pick & Pack Fee," and an "FBA Weight Handling Fee" in order for Amazon to carry, distribute, and effectuate sales of their products.

15. Upon information and belief, Amazon further assists buyers of the product with any returns.

16. Upon information and belief the subject product was sent from an Amazon fulfillment center in an Amazon box sealed with Amazon tape to Joe, an Amazon customer.

17. Upon information and belief, Amazon.com received and processed Joe's payment for the MZS brake levers.

18. Joe received the MZS brake levers and installed them on his motorcycle.

19. On August 11, 2017, Joe went for a short ride for the first time after the brake lever installation.

20. During that short ride, his front brake locked up completely, and Joe crashed.

21. Joe immediately took the crashed motorcycle into a local motorcycle mechanic at Moto Station to find out what happened.

22. Upon a quick look at the crashed motorcycle, the mechanic asked Joe if he had bought some brake levers online, and Joe confirmed he had.

23. The mechanic stated that he had seen this problem many times before and explained that because of a design flaw in some cheaply made parts, even a properly installed brake lever can fail.

24. Numerous negative reviews of the product on Amazon's web site is an indication that Amazon knew or should have known that the MZS Brake Clutch lever is defective and dangerous.

25. Some of those reviews are as follows:

   a. Amazon Customer – August 31, 2016. "This thing could've killed me. The front brakes locked while I was riding. Thanks God it happened before I got to highway and my speed was low."

   b. Addey Qasim Al-shboul – September 11, 2016. "First of all I want to say thank god I wasn't thrown off my bike. After installing the new brake lever, I went out to test it. Mid ride the front brakes seized up and wouldn't let the bike move. Had to tow it back home and put the OEM ones back on and Boom it works fine."

   c. Mike – May 13, 2017. "Improper figment/manufacturing. Made my front brake lock up. Could of died."

26. As a result of the front brake locking up and the resultant crash, Joe has suffered injuries and sought medical treatment for, among other injuries, a fracture to his left wrist, pain in his left shoulder and pain in his left hip.

### FIRST CAUSE OF ACTION
(Strict Products Liability – Design Defect)

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1-16 above.

28. The MZS Short Brake Clutch Lever was defectively designed.

29. Plaintiff reasonably expected the lever to perform as advertised, and

4

Amazois strictly liable for distributing and/or selling a defectively designed product from MZS Motors.

30. Specifically, Defendant is strictly liable in the following respects:

   a. Defendant distributed and/or sold a product by a manufacturer who failed to design the lever in such a way that the plunger would be properly fitted with respect to the bleed hole in the master cylinder;

   b. Specifically, the plunger within the master cylinder blocks or partially blocks the bleed hole, which releases the pressure on the brake line when not depressed. Once the brake fluid expands, the pressure has nowhere to escape, because the plunger is blocking the bleed hole. As a result, the brakes lock up tight;

   c. The unreasonably dangerous plunger design was present at the time Defendant distributed and/or sold the brake lever; and

   d. The manufacture and/or design defect was a cause of Plaintiff's injuries.

31. Defendant owed a duty of care to not sell and/or distribute an unreasonably defective product. Defendant breached that duty of care in the manner previously mentioned. As a direct and proximate result of Defendant's strict liability, Plaintiff was injured both physically and emotionally in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
(Strict Liability – Manufacture Defect)

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1-31 above.

33. Defendant made an express or implied warranty to Plaintiff that the MZS Short Brake Clutch lever was constructed to precise standards and carefully inspected and would be free of defects in materials and workmanship.

34. The MZS Short Brake Clutch lever contained a manufacturing defect.

35. The manufacturing defect made the lever unreasonably dangerous.

36. The manufacturing defect was present at the time the Defendant sold and/or distributed the lever to Plaintiff.

37. The lever failed to conform to Defendant's express or implied warranty when the plunger did not allow for the front brake of the motorcycle to be released, and the brake locked up during the normal and foreseeable use by Plaintiff.

38. The manufacturing defect was a direct and proximate cause of Plaintiff's injuries.

### THIRD CAUSE OF ACTION
(Strict Liability – Failure to Warn)

39. Plaintiff incorporates by reference the allegations contained in paragraphs 1-38 above.

40. Defendants had a duty to warn about dangers from the MZS Short Brake Clutch lever's foreseeable use.

41. Defendants failed to provide an adequate warning at the time the lever was sold and/or distributed to Plaintiff.

42. Any warning provided was not designed to reasonably catch the user's attention, was not understandable, did not fairly indicate the danger or risk in using the lever and was not sufficiently conspicuous to match the magnitude of the danger.

43. The lack of reasonable warnings made the lever unreasonably dangerous and was a proximate cause of the Plaintiff's injuries.

### FOURTH CAUSE OF ACTION
(Breach of Warranty)

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1-43 above.

45. At the time of the purchase, the Defendants were in the business of selling and/or distributing the MZS Short Brake Clutch lever and other similar products.

46. The lever was not reasonably fit for the ordinary purpose for which such products are used and would not pass without objection in the industry.

47. The failure of the lever to have the expected quality was a proximate cause of the Plaintiff's injuries.

### FIFTH CAUSE OF ACTION
(Negligence)

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1-47 above.

49. Defendant knew or should have known, as was apparent from the frequent negative product reviews on its web site, that the MZS Short Brake Clutch lever was dangerous and defective.

50. Defendant had a duty to exercise reasonable care to inform consumers or otherwise protect them from dangerous and defective products that are known or should be known to it.

51. Defendant breached the foregoing duty in the following ways:

7

    a.  by failing to cease selling and/or distributing the hazardous brake lever;

    b.  By failing to warn consumers of the dangerous brake lever that was known or should have been know to it; and

    c.  Other acts of negligence yet to be discovered.

52. Defendant's breach was a proximate cause of Plaintiff's injuries.

## SIXTH CAUSE OF ACTION
(Negligence – Duty to Warn)

53. Plaintiff incorporates by reference the allegations contained in paragraphs 1-52 above.

54. Defendant failed to exercise reasonable care in providing an adequate warning that the product it sold and/or distributed was unreasonably dangerous.

55. Defendant was required to warn about the unreasonably dangerous condition of the brake levers, the use of which it knew or should have known would result in danger to its users.

56. Defendant failed to provide an adequate warning.

57. The lack of an adequate warning made the brake levers unreasonably dangerous.

58. Defendant's breach was a proximate cause of Plaintiff's injuries.

## DAMAGES

59. Plaintiff incorporates by reference the allegations contained in paragraphs 1-58 above.

60. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff suffered severe bodily injuries which required Plaintiff to incur medical expenses in an amount to be proven at trial.

8

61. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff suffered time away from work and incurred lost wages and/or lost wage benefits.

62. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff suffered general damages for pain and suffering in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. For general damages including but not limited to pain and suffering in an amount to be proven at trial;

B. For lost wages and wage benefits in an amount to be proven at trial;

C. For medical expenses in an amount to be proven at trial;

D. Pre-judgment and post-judgment interest, according to Utah law;

E. For costs of suit herein; and

F. For such further relief as the court deems necessary and proper.

DATED this 17th day of January, 2018

MCMULLIN LEGAL GROUP, PLLC

/s/ *Nathan Langston*

_____
Nathan V. Langston
Attorney for Plaintiff

Plaintiffs' Address:
c/o MCMULLIN LEGAL GROUP, PLLC
301 North 200 East, Suite 3C
St. George, Utah 84770

Nathan V. Langston, Bar #13785
**MCMULLIN LEGAL GROUP, PLLC**
301 N. 200 E. Suite 3C
St. George, UT 84770
Phone: (435) 673-9990
Fax: (435) 673-9989
nate@stglegal.com

*Attorney for Plaintiff*

Server C G__
Date 1-22-19 Time 3:00 PM
P/S_____
ANDERSON INVESTIGATIONS, INC.  #G101390
P.O. BOX 535, SLC, UT 84110   877-619-1110

IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JOSEPH WRIGHT,<br><br>Plaintiff,<br>v.<br><br>AMAZON.COM, INC. and DOES I-V,<br><br>Defendants. | **SUMMONS**<br><br>Civil No. 190900497<br><br>Judge Amber M. Mettler |

TO:  AMAZON.COM SERVICES, INC.
     Cororation Service Company
     15 West South Temple, Ste. 1707
     Salt Lake City, Utah 84101

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

You are summoned and required to answer the attached Complaint within 21 days after service of this Summons, or if service is made upon you out of the State of Utah, within 30 days. You must file your written answer with the Clerk of the Court at the following address: 206 West Tabernacle, St. George, Utah 84770; and you must mail or deliver a copy to Plaintiff's

attorneys at the address listed above. If you fail to do so, Judgment by Default may be taken against you for the relief demanded in the Complaint.

DATED this 17th day of January 2019

          MCMULLIN LEGAL GROUP, PLLC

          */s/ Nathan Langston*

          Nathan V. Langston
          Attorney for Plaintiff



# Notice of Service of Process

null / ALL
Transmittal Number: 19255295
Date Processed: 01/23/2019

| | |
|---|---|
| Primary Contact: | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>PO Box 81226<br>Seattle, WA 98108-1300 |
| Electronic copy provided to: | Scotty Bauder<br>Lynn Foley-Jefferson<br>Joell Parks<br>Lizette Fernandez<br>Tammy Malley-Naslund<br>Theresa Nixon<br>Gianmarco Vairo<br>Eugide Matondo<br>Jesse Jensen<br>Annamaria Taskai<br>Christine Schram<br>Rochelle Lewis<br>Karen Curtis<br>Kimberly Thomas<br>Maria Catana<br>Stephen Swisher |
| Entity: | Amazon.com Services, Inc.<br>Entity ID Number  2102616 |
| Entity Served: | Amazon.com Services, Inc. |
| Title of Action: | Joseph Wright vs. Amazon.Com, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Salt Lake County District Court, UT |
| Case/Reference No: | 190900497 |
| Jurisdiction Served: | Utah |
| Date Served on CSC: | 01/22/2019 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Nathan V. Langston<br>435-673-9990 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

```
                    3RD DISTRICT COURT - SALT LAKE
                    SALT LAKE COUNTY, STATE OF UTAH


                    JOSEPH WRIGHT vs.  AMAZONCOM
CASE NUMBER 190900497 Product Liability
_____


CURRENT ASSIGNED JUDGE
        AMBER M METTLER


PARTIES
        Plaintiff - JOSEPH WRIGHT
        Represented by: NATHAN V LANGSTON
        Defendant - AMAZONCOM


ACCOUNT SUMMARY
        TOTAL REVENUE   Amount Due:        360.00
                        Amount Paid:       360.00
                             Credit:         0.00
                            Balance:         0.00
        REVENUE DETAIL - TYPE: COMPLAINT - NO AMT S
                        Amount Due:        360.00
                        Amount Paid:       360.00
                     Amount Credit:          0.00
                            Balance:         0.00


PROCEEDINGS
01-17-19 Filed: Complaint TIER II
01-17-19 Case filed
01-17-19 Fee Account created      Total Due:        360.00
01-17-19 COMPLAINT - NO AMT S     Payment Received:       360.00
01-17-19 Judge AMBER M METTLER assigned.
01-17-19 Filed: Return of Electronic Notification




Printed: 02/06/19 09:23:51           Page 1 (last)
```